UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x
UNITED STATES EX REL. DENISE ROMANO,

                    Plaintiff,                    00 Civ. 8792 (LLS)

          v.
                                                  OPINION AND ORDER

NEW YORK-PRESBYTERIAN HOSPITAL,

                    Defendant.
--------------------------------------x


        Plaintiff Denise Romano moves pursuant to Fed. R. Civ. P.

15(a)(2) to amend her Second Amended Complaint under the federal

False Claims Act, to add a claim under the New York State False

Claims Act, which (if allowed) will entitle the State of New

York to claim damages or penalties and enhance Romano's share.

She also argues that the inclusion of the state claims will

eliminate the "presentment" defense.[1]

        Fed. R. Civ. P. 15(a)(2) provides that "The court should

freely give leave [to amend] when justice so requires."

Nevertheless, leave to amend is properly denied for undue delay,

bad faith or futility of the amendment, with its resulting

prejudice to the opposing party.  Foman v. Davis, 371 U.S. 178,

182 (1963).

---

[1]  The federal False Claims Act requires that the claims be
presented for payment to an officer or employee of the United
States.  In this case, the claims at issue were presented to the
New York State Medicaid office, which defendant argues is not a
federal officer or employee and thus does not satisfy the
"presentment" requirement.

Defendant, New York-Presbyterian Hospital ("NYPH") argues that the proposed amendment will delay this eight-year-old case, which is scheduled to go to trial on May 19, 2008. If the Second Amended Complaint is amended, New York State will have sixty days from the date of service to notify the Court whether it will intervene. While the New York Attorney General's Office states that it can perform the necessary review within that time, it must consult with the Medicaid inspector general and possibly the Corporation Counsel, see N.Y. Fin. Law § 190(2)(b), which could significantly delay the case. Additionally, NYPH argues that Romano has not offered a justification for her delay in waiting until eight months after the New York False Claims Act went into effect before seeking to amend her complaint.

More fundamentally, NYPH argues that adding a claim under the New York False Claims Act would be futile because it would be subject to immediate dismissal under the statute of limitations. The actions on which Romano's lawsuit rests occurred between 1996 and 2000. Under the New York False Claims Act, which has a six-year statute of limitations, claims based on those acts were barred by the end of 2006. Thus, the claims in this case were barred by its statute of limitations before the New York legislature passed the New York False Claims Act on April 1, 2007.

Romano argues that the statute is retroactive, and thus under the "relation back" doctrine, the proposed Third Amended Complaint can relate back to 2000 (when Romano's original complaint was filed), avoiding the statute of limitations.

However, "retroactivity is not favored in the law." Bowen v. Georgetown University Hosp., 488 U.S. 204, 208 (1988). There is a "presumption against applying statutes affecting substantive rights, liabilities, or duties to conduct arising before their enactment." Landgraf v. Usi Film Prods., 511 U.S. 244, 278 (1994). "Even where some substantial justification for retroactive rulemaking is presented, courts should be reluctant to find such authority absent an express statutory grant." Bowen, 488 U.S. at 209; see also Majewski v. Broadalbin-Perth Cent. Sch. Dist., 91 N.Y.2d 577 (1998) ("Settled law dictates that substantive statutes be applied prospectively unless there is clear and plainly manifested legislative intent to the contrary").

The New York False Claims Act itself has no express statutory grant of retroactivity. An uncodified provision of Assembly Bill A04308 states that "section thirty-nine of this act shall apply to claims[2] filed or presented prior to, on or

_____
[2] The term "claims" refers to Medicaid claims, not lawsuits.

after April 1, 2007." 2007 N.Y. Sess. Laws Ch. 58, S. 2108-C, §
93(5). The same Assembly Bill also states that "this act shall
not be construed to alter, change, affect, impair or defeat any
rights, obligations, duties or interest accrued, incurred or
conferred prior to the enactment of this act." Id. at § 93(10).
NYPH argues that under the statute of limitations its right not
to be sued over acts in 1996-2000 accrued prior to the enactment
of the New York False Claims Act. "Retroactive application of a
statute is inappropriate when it would deprive a party of 'a
substantial right' or 'impose an unexpected liability.'" Blue
Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc., 133 F.
Supp. 2d 162, 166 (E.D.N.Y. 2001). The proposed amended
pleading would impose an unexpected liability on NYPH, because
when Romano brought this action eight years ago, no New York
False Claims Act existed. When the New York False Claims Act
went into effect in 2007, any claim Romano could make under it
had already been barred by its six-year statute of limitations.

"Clearly the relation back rule was not designed to provide
a means either to circumvent or to expand the limitations
period." In re Allbrand Appliance & Television Co., 875 F.2d
1021, 1025 (2d Cir. 1989).

That is certainly the case where, as here, neither the New
York False Claims Act itself, nor the uncodified Session Law's

-4-

reference to claims presented "prior to" the Act's effective date, contains any language implying that the Act would revive claims barred by its own statute of limitations.

## Conclusion

For the delay it would inflict on this eight-year-old case, now scheduled for trial on May 19, 2008, and the futility of the proposed amendment to assert claims which would be subject to immediate dismissal, plaintiff's motion to amend the complaint is denied.

So ordered.

Dated: New York, New York
       March 4, 2008

_____
Louis L. Stanton
LOUIS L. STANTON
U.S.D.J.