**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------x
**UNITED STATES EX REL. DENISE ROMANO,**

              **Plaintiff,**        00 Civ. 8792 (LLS)

  **v.**                             **OPINION AND ORDER**

**NEW YORK-PRESBYTERIAN HOSPITAL,**

              **Defendant.**
------------------------------------------x

On February 6, 2008, defendant New York-Presbyterian Hospital ("NYPH") moved for summary judgment on the ground that relator could not satisfy the "presentment" requirement of the False Claims Act ("FCA"). The Court denied that motion on April 2, 2008. On June 9, 2008, in Allison Engine Co., Inc. v. United States ex rel. Sanders, 128 S. Ct. 2123, the United States Supreme Court addressed the issue whether false claims must be presented to the Government to be actionable under the FCA. Thereafter, NYPH renewed its motion for summary judgment, arguing again that its submission of claims to Medicaid, at issue in this case, does not satisfy the FCA's requirement that the claim[1]

---

[1] Section (c) of the FCA defines a "claim":
    For purposes of this section, "claim" includes any request or demand, whether under a contract or otherwise, for money or property which is made to a contractor, grantee, or other recipient if the United States Government provides any portion of the money or property which is requested or demanded, or if the Government will reimburse such contractor, grantee, or other recipient for

be presented to an officer or employee of the United States government.

The FCA states, 31 U.S.C. § 3729(a):

Any person who:

(1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; [or]

(3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid;

. . . .

is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person . . . .

In this case, relator alleges that NYPH is liable under the FCA for its complicity in submitting false bills to Medicaid. Under the joint federal-state Medicaid program, healthcare providers submit claims to the state Medicaid agency for reimbursement for services rendered to Medicaid recipients. The state agency pays those

---

any portion of the money or property which is requested or demanded.
31 U.S.C. § 3729(c).

healthcare providers from advances paid to its account from the United States Treasury.  At the close of each quarter, the state agency submits an aggregate report to the federal Center for Medicare and Medicaid Services ("CMS") stating its actual expenditures.  CMS compares those expenditures against its advances at the beginning of the quarter, and adjusts for over or underpayments.

NYPH urges that this process of advances and aggregation of payments means that the United States does not pay specific claims, or accept the particular false statements supporting them; and thus the claims' submission to, and aggregation and payment by the state agency before reimbursement with federal funds does not meet the statute's requirement of presentment to a federal officer or employee "for payment or approval".  The "payment or approval", NYPH says, was made by the state agency, not the federal government.  NYPH argues that view is supported by the Allison Engine case, in which the Supreme Court held that it is not enough to show that payment was made with government funds or as a result of a false statement, because the plaintiff must also prove that the defendant intended the false statement to be used and be material to the government's decision to pay or approve the false claim.  128 S. Ct. at 2126.  For lack of such a showing of

intent, the Supreme Court in Allison Engine vacated and remanded to the Court of Appeals which had held that proof of an intent to cause a false claim to be paid by a private entity (who will be reimbursed by government funds) was sufficient to establish liability under the FCA. Id. at 2128.

Allison Engine involved first, second, and third tier sub-contractors who submitted false invoices to prime contractors who were building destroyers for the U.S. Navy. The U.S. Navy entered into contracts with two shipyards to build a new fleet of destroyers in accordance with certain military standards. The shipyards subcontracted with Allison Engine to build Gen-Sets to be used in the destroyers. Allison Engine subcontracted with General Tool Company (GTC) to assemble the Gen-Sets, and GTC subcontracted with Southern Ohio Fabricators, Inc. (SOFCO) to manufacture the Gen-Sets' bases and enclosures. All of the subcontracts incorporated the requirement that each part of the destroyer had to meet certain military standards. The Navy paid the shipyards $1 billion for each new destroyer. All of the funds used to pay the subcontractors ultimately came from the Federal Treasury. Respondents alleged that the invoices submitted to the shipyards by Allison Engine, GTC, and SOFCO fraudulently

sought payment for work that was not done in accordance with the contract specifications. At trial, respondents introduced evidence that petitioners falsely stated that their work complied with the Navy's requirements and that they had presented invoices for payment to the shipyards. However, respondents did not introduce the shipyards' invoices submitted to the Navy.

The district court held in Allison Engine that "absent proof that false claims were presented to the Government, respondents' evidence was legally insufficient under the FCA." 128 S. Ct. at 2127-28. A divided panel of the United States Court of Appeals for the Sixth Circuit reversed, with the majority finding that while liability under § 3729(a)(1) requires proof that a false claim was presented to the Government, under § 3729(a)(2) and (3) only proof of submission of the false claim and ultimate payment by the Government was required. The Supreme Court vacated and remanded to the Court of Appeals to determine whether the intent was to deceive the private employer (insufficient to state an FCA violation), or to deceive the federal government. It stated (128 S. Ct. at 2130):

> If a subcontractor or another defendant makes a false statement to a private entity and does not intend the Government to rely on that false statement as a condition of payment, the statement is not made with the purpose of

inducing payment of a false claim "by the Government." In such a situation, the direct link between the false statement and the Government's decision to pay or approve a false claim is too attenuated to establish liability.

Id. at 2130.

Recognizing that under subdivision (a)(2) the request for payment need not be made directly to the government, the Supreme Court in Allison Engine re-emphasized the need to show that the defendant intended it to be paid by the government, holding that:

> Under subsection (a)(2), however, the defendant must make the false record or statement "to get" a false or fraudulent claim "paid or approved by the Government." "To get" denotes purpose, and thus a person must have the purpose of getting a false or fraudulent claim "paid or approved by the Government" in order to be liable under §3729(a)(2). . . . Under §3729(a)(2), a defendant must intend that the Government itself pay the claim.
>
>     . . . .
>
> Under §3729(c)'s definition of a "claim," a request or demand may constitute a "claim" even if the request is not made directly to the Government, but under §3729(a)(2) it is still necessary for the defendant to intend that a claim be "paid . . . by the Government" and not by another entity.

Id. at 2128-29. See particularly the Court's footnote 1 to p. 2129:

> This interpretation of §3729(a)(2) does not render superfluous the portion of §3729(c) providing that a "claim" may be made to a contractor, grantee, or other recipient of

Government funding. This language makes it clear that there can be liability under §§3729(a)(1) and (2) where the request or demand for money or property that a defendant presents to a federal officer for payment or approval, §3729(a)(1), or that a defendant intends "to get . . . paid or approved by the Government", §3729(a)(2), may be a request or demand that was originally "made to" a contractor, grantee, or other recipient of federal funds and then forwarded to the Government.

The question of such intent is of course one of fact, thus requiring the remand ordered in Allison Engine, and the trial scheduled in this case.

Of interest with respect to the claim of conspiracy in this case is the Supreme Court's observation in Allison Engine concerning the language of §3729(a)(3):

> Where the conduct that the conspirators are alleged to have agreed upon involved the making of a false record or statement, it must be shown that the conspirators had the purpose of "getting" the false record or statement to bring about the Government's payment of a false or fraudulent claim. It is not necessary to show that the conspirators intended the false record or statement to be presented directly to the Government, but it must be established that they agreed that the false record or statement would have a material effect on the Government's decision to pay the false or fraudulent claim.

Id. at 2130-31.

## Conclusion

Defendant's motion for summary judgment on the presentment issue is denied.

So ordered.

Dated: New York, New York
      July 15, 2008

                                                                  */s/ Louis L. Stanton*
                                                             LOUIS L. STANTON
                                                                 U.S.D.J.